ACCEPTED
01-14-00764-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
5/25/2015 6:34:48 PM
CHRISTOPHER PRINE
CLERK

## CASE NO. 01-14-00764-CV

## IN THE FIRST COURT OF APPEALS
## HARRIS COUNTY, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

5/26/2015 8:00:00 AM
CHRISTOPHER A. PRINE
Clerk

## MAGNOLIA FINLAY, ANDREW FINLAY
### *Appellants*

### v.

## ELIZABETH BLANTON
### *Appellee*

*On Appeal from the County Civil Court at Law No. 1*
*Harris County, Texas*
*Trial Court Cause No. 1047130*

### APPELLANT'S REPLY BRIEF

MAGNOLIA FINLAY & ANDREW
FINLAY
7542 OAKWOOD CANYON DRIVE
Cypress, TX 77433
Telephone: (832) 900-1555

Appellants

# IDENTITY OF PARTIES AND COUNSEL

**APPELLANTS**

Pro Se:

**MAGNOLIA FINLAY & ANDREW FINLAY**
7542 Oakwood Canyon Dr.
Cypress, Texas 77433

**APPELLEE**

**ELIZABETH BLANTON**

Appellate Counsel:

FRANK O. CARROLL III
TBA No. 24082785
MIA B. LORICK
TBA No. 24091415
Roberts Markel Weinberg Butler Hailey PC
2800 Post Oak Blvd., 57th Floor
Houston, Texas 77056

Trial Counsel:

Dustin C. Fessler
TBA No. 24080893
Roberts Markel Weinberg Butler Hailey PC
2800 Post Oak Blvd., 57th Floor
Houston, Texas 77056

# ABBREVIATIONS AND RECORD REFERENCES

*Abbreviations:*

1. Appellant Magnolia Finlay will be referred to as "Ms. Finlay", "Finlays" or "Appellants".

2. Appellant Andrew Finlay will be referred to as "Mr. Finlay", "Finlays" or "Appellants".

3. Appellee Elizabeth Blanton will be referred to as "Ms. Blanton", "Blanton", or "Appellee.

*Record References*

1. The Clerk's Record will be referred to as "[Volume] CR [Page(s)]".

2. The Reporter's Record will be referred to as "[Volume] RR [Page(s)][Line]".

3. Appellant's Exhibits (Excluded or missing) will be referred to as Ex. [Numeral][Page].

4. Appendixes will be referred to as App. [Numeral][Page].

# TABLE OF CONTENTS

**INDEX OF AUTHORITIES** ................................................................... v

**STATEMENT OF THE CASE** ................................................................ 1

**REPLY TO ISSUES PRESENTED FOR REVIEW** ........................... 1

**STATEMENT OF FACTS** ....................................................................... 2

**ARGUMENT & AUTHORITIES** ......................................................... 4

**PRAYER** ............................................................................................... 12

# INDEX OF AUTHORITIES

Cases

Pulley v. Milberger, 198 S.W.3d 418 (Tex. App.—Dallas
2006, pet. denied) ..................................................................................4, 5

Texas Emp. Ins. Ass'n v. Elder, 282 S.W.2d 371 (Tex.
1955) ..........................................................................................................10

United States v. Ismoila, 100 F.3d 380 (5th Cir. 1997) ...........................7

Statutes

TEX PE. CODE ANN. § 32.21 (West 2013).......................................... 10

TEX PE. CODE ANN. § 37.02 (West 2013).......................................... 10

TEX PR. CODE ANN. § 92.052 (West 2013)..........................................9

TEX PR. CODE ANN. § 92.056 (West 2013)........................................ 10

TEX PR. CODE ANN. § 92.103 (West 2013)..........................................9

TEX PR. CODE ANN. § 92.109 (West 2013)..........................................9

TEX PR. CODE ANN. § 92.153 (West 2013)........................................ 10

Rules

Texas Rule of Civil Procedure 270 .........................................................9

## STATEMENT OF THE CASE

On March 24, 2014, retired judge Sharolyn Wood at The Justice Court, Precinct 5, Place 2, Harris County, granted default judgment in favor of the Appellants (Plaintiffs/Tenants), in the amount of $4,700, on this case citing violation of Texas Property Code § 92.109. Appellee, Elizabeth Blanton (Defendant/Landlord) appealed to Civil County Court at Law No. 1, of Harris County. The Honorable Debra Ibarra Mayfield Judge presiding at that court signed a Take Nothing judgment on August 12, 2014. Appellants, Finlays (Plaintiffs/Tenants), timely filed a notice of appeal.

## REPLY TO ISSUES PRESENTED FOR REVIEW

1. The trial court erred in entering a take nothing judgment.

2. The trial court erred in excluding inadmissible evidence and testimony.

3. Appellants raised the issues of untimely repairs. Forgery, and errors in the lease are new to Appellants, not seen in the trial court; therefore, these issues are proper on appeal.

1

## STATEMENT OF FACTS

Because Appellee lives primarily in California, Appellants requested an effective method of payment, such as personal deposit at bank branch, or online deposit. (RR 6-20). Appellee provided a checking account with USAA, a bank that has no presence in Houston. Appellants would not be able to pay directly at the branch, and when online, they would have to pay transfer fees. (Ex. C). They could not open an account with that bank either; it is for military members only.

Appellants timely paid their rent into the USAA account at the beginning of the lease by transfer; however, they incurred transfer fees. (Ex. C). They repeatedly requested Appellee to provide the right bank with presence in Houston, as they requested even before signing the lease, but were ignored. (RR 6-30). In order to avoid transfer fees, Appellants decided to use the secondary method of payment in the lease: Appellee's physical address. (CR 11). Appellants scheduled the next two payments through their bank Bill Pay, **to be received one week early** by check to Appellee's physical address. (Ex. C).

**Appellee wrongly used this to start claiming her 20-Day**

2

**vacation, as late fees for the check being uncashed, until her return, plus 2-day weekend.**

**Rent Payment Schedule and Good Standing —** In spite of all the difficulties Appellants endured with the method of payment, and distress, they managed to pay the rent early or on time.[1] (Appellants Ex. C).

| RENT PAYMENT SCHEDULE | | | | | |
|---|---|---|---|---|---|
| **2012** | **EARLY** | **ON TIME** | **LATE** | **METHOD** | **FEE** |
| March | | 27-Mar | | Money Order | Move-In |
| April | 27-Mar | | | Money Order | |
| May | | 1-May | | Transfer | $3 |
| June | 25-May | | | Check | |
| July | 27-Jun | | | Check | |
| August | | 1-Aug | | Direct Deposit | |
| September | | 1-Sep | | Direct Deposit | |
| October | 27-Sep | | | Check | |
| November | 30-Oct | | | Transfer | |
| December | 30-Nov | | | Transfer | |
| 2013 | | | | | |
| January | 31-Dec | | | Transfer | |
| February | | | 12-Feb | Direct Deposit | $100 |
| March | 28-Feb | | | Transfer | |
| April | | 1-Apr | | Direct Deposit | |
| May | 30-Apr | | | Transfer | |
| June | | 1-Jun | | Transfer | |

---

[1] Exhibit C "Proof of Payment", and E "Proof by Bank" are not part of the Clerk's or Reporter's Record, and are being submitted to prevent a fraud from being perpetrated upon this Court and further, pursuant to Judge Ibarra's improper thwarting of Appellants' ability to introduce evidence in an offer of proof, and the trial judge's overall conduct in attempting to limit Appellants' ability to introduce evidence and therefore, Appellants' pray that this Court consider the sworn evidence.

## ARGUMENT & AUTHORITIES

### I.    STANDARD OF REVIEW

Appellee did not submit evidence to support good faith, except for a short oral statement.   (1 RR 58-59). The contrary overwhelming evidence is cited and proven throughout the entire Finlay's brief.

### APPELLEE CITES UNPARALLELED CASE LAW

Appellee cites *Pulley v. Milberger, 198 S.W.3d 418, 426 (Tex. App.—Dallas 2006, pet. denied)*. This case law is totally unparalleled: quite the opposite. *Appellee's Brief at 16.*

**The Pulleys were late in their rent payments thirteen times, but Milberger did not charge them any late fees as allowed by the lease**. (Id. at 423).

— Appellants paid early or on time. (Appellants Ex. C).

The Pulleys caused extensive damage to the property, leaving it in deplorable condition: foundation, lawn, carpet, urine, etc. *(Id. at 424).*

— Appellants found the house dirty, stained and dirty carpet, damaged lawn. Appellants left the house in impeccable move out condition, including lawn repair, for which they were not reimbursed. (1 RR 45 L25, 46 L1).

Milberger sent the Pulleys a letter describing the damage to the house, stating that it had exceeded the deposit; 4 days after the Pulleys surrendered the house, and invited them to review his findings. Pulleys ignored their landlord's letter and calls. *(Milberger at 424)*.

— In Finlays' case, Appellee ignored the Appellants' letters and emails claiming their deposit, although Appellants prompted Appellee 4 times, one of them a certified official form depicting Texas Property Code § 92.109, showing all the repercussions the Appellee would be subject to. Nevertheless, Appellee acted unmoved. (CR 95-98), (1 RR 15 L17-22), (2 RR 66, 67, 71), (Ex. J).

Milberger lost 3 months of rent during the repairs. *(Milberger at 424)*.

— Appellee rented the house right after Appellants left. Appellee had no

issues renting, as Appellants left the house in great condition.

This case is exactly the opposite of Appellants' case: Milberger is a responsible landlord, the Pulleys are irresponsible tenants.

## II. THE TRIAL COURT ERRED IN ENTERING A TAKE NOTHING JUDGMENT.

*Reply to Appellee's Response to Issue No. 1: Appellee's Brief at 27.*

Appellee failed to meet her burden of proof and rebut Appellants' claim of bad faith. Appellee did not submit any irrefutable or valid evidence to prove good faith. The opposite happened. Appellee legal actions against her previous tenant, Mr. Brian Williams Lumpkins, who had to leave before being evicted, and who was chased by her private investigator; and the harsh treatment against the Appellants throughout the entire lease, prove Appellee has no amateur lessor status.

Simply because the Appellee believes she is entitled to retain a security deposit, it does not constitute sufficient rebuttal of bad faith created under the Texas Property Code. And it should not give reason for the Court to employ an unreasonably lesser burden of proof.

6

Appellee ignored all emails and letters from Appellants prompting her to return the deposit, although one of the certified letters depicted Texas Property Code § 92.109, clearly explaining the repercussions. Appellee seemed to believe rules only apply to tenants. (CR 95-98), (1 RR 15 L17-22), (2 RR 66, 67, 71), (Ex. J).

**Where is the good faith in this kind of behavior?**

**Appellee's actions have not one iota of good faith.**

## III. THE TRIAL COURT ERRED IN EXCLUDING ADMISIBLE EVIDENCE AND TESTIMONY.

*Reply to Appellee's Response to Issue No. 2: Appellee's Brief at 20.*

In bank and credit card fraud case, while hearsay and double hearsay issues were presented by the introduction of bank computerized printouts reflecting reports of cardholder telephone calls and the statements of cardholders concerning lost, stolen or not received cards, the statements and printouts were admissible under residual hearsay exception based on "equivalent circumstantial guarantees of trustworthiness", in *United States v. Ismoila,* 100 F.3d 380, 392 (5th Cir. 1997). Although, Appellants did not mention a specific rule of exception

in trial, these are real facts that Appellee cannot rebut or deny. They were real transactions; the checks were dated as testified; the original receipts for direct deposits exist; the online transfers can be proven; the original letters from the bank exist, and can be authenticated, if necessary.

Appellants were not allowed to object the objections to their Exhibits: they were interrupted or ignored. Appellants were willing to get online from an electronic device to retrieve bank statements, but Judge Ibarra seemed to be in a hurry, and they thought it was incorrect to push further.

Judge Ibarra did not overrule any of Fessler's objections, although, the Appellants' evidence was extremely relevant, and the facts were clearly laid out.

The court did abuse its discretion by not allowing Mr. Finlay to testify while Ms. Finlay was on the stand trying to remember the first time Appellee claimed late fees. Mr. <u>Finlay was not in the Gallery of the Courtroom. As Pro Se Plaintiff, he is a primary witness. He was at the Plaintiff's Table</u>; hence, Mr. Finlay had the right to testify as witness,

or to make interventions at certain given circumstances. Nonetheless, it was not the only time Judge Ibarra ignored or interrupted Mr. Finlay, and when he was trying to object the objections to the Exhibits there was no exception. (1 RR 78, L17-18). Mr. Finlay made very few interventions, but it can be concluded that he was ignored or interrupted in most of them. Plaintiffs' Brief.

**IV APPELLANTS RAISED THE ISSUES OF UNTIMELY REPAIRS. FORGERY, AND ERRORS IN THE LEASE IN THE TRIAL COURT WERE ONLY DISCOVERED WHEN REVIEWING THE DOCUMENTS APPELLEE SUBMITTED TO THE TRIAL COURT; THEREFORE, THESE ISSUES ARE PROPER ON APPEAL.**

*Reply to Appellee's Response to Issue No 3: Appellee's Brief at 22.*

Exhibit B is "Repairs not Done". (1 RR 8, L12-14), (2 RR 36-48). **<u>Admitted in trial</u>**. This was several times mentioned in the Brief. Exhibit B is completely dedicated to this issue.

The forgery and errors in the lease agreement were only noticed when reviewing the documents Appellee submitted to the trial court. **Appellants had not seen the forged document before**. **<u>The forgery and the errors completely debunk all Appellee's claims. It would be</u>**

9

**imposing the law on a false basis. Errors in a written contract do not have an expiration date. They constitute Reversible Error.**

In *Texas Emp. Ins. Ass'n v. Elder*, 282 S.W.2d 371, 375–76 (Tex. 1955), the Texas Supreme Court opined that evidence may be entered at any time before the Court of Appeals disposes of the appeal of the trial court judgment, under Texas Rule of Civil Procedure 270.

The overwhelming evidence is so great and so many violations, that Appellants can claim countless damages, by any of them, but making emphasis on the main violation: — TEX PR. CODE ANN. § 92.109: LIABILITY OF LANDLORD. (West 2013).

The other violations still apply:

— TEX PR. CODE ANN. § 92.103: OBLIGATION TO REFUND (West 2013).

— TEX PR. CODE ANN. § 92.052: LANDLORD'S DUTY TO REPAIR OR REMEDY (West 2013).

— TEX PR. CODE ANN. § 92.056: LANDLORD LIABILITY AND TENANT REMEDIES; NOTICE AND TIME FOR REPAIR. (West 2013);

— TEX PE. CODE ANN. § 32.21: FORGERY (West 2013);

— TEX PE. CODE ANN. § 37.02: PERJURY (West 2013);

— TEX PR. CODE ANN. § 92.153: SECURITY DEVICES REQUIRED WITHOUT NECESSITY OF TENANT (West 2013).

— Errors in the Lease Agreement.

— Judicial Bias, as depicted in the Appellants Brief.

# PRAYER

For the foregoing reasons, Appellants pray that this Court reverse the trial court's judgment, and render judgment that the bond for $9,731.40, posted by the Appellee, be available to cover the accrued amount of $5,510.00, plus any incurred fees along the proceedings, as well as punitive/statutory damages, whichever prevails for the other violations.

Respectfully submitted,

By: _____

MAGNOLIA FINLAY, ANDREW FINLAY

7542 Oakwood Canyon Dr.
Cypress, TX 77433
Telephone: (832) 900-1555
**APPELLANTS**

12

# CERTIFICATE OF COMPLIANCE

Pursuant to Rule 9.4 i(3) of the Texas Rules of Appellate Procedure, I certify that the word count in this Appellant's Reply Brief is 2299 words.

# CERTIFICATE OF SERVICE

By my signature below, I hereby certify that a true and correct copy of Appellant's Brief was forwarded on May 25, 2015 to the following:

_____

*(Via eFile TX Courts System)*
FRANK O. CARROLL III
TBA No. 24082785
MIA B. LORICK
TBA No. 24091415
Roberts Markel Weinberg Butler Hailey PC
2800 Post Oak Blvd., 57th Floor
Houston, Texas 77056
Tel: (713) 840-1666
Fax: (713) 840-9404
fcarroll@rmwbhlaw.com
mlorick@rmwbhlaw.com
ATTORNEYS FOR APPELLEE
ELIZABETH BLANTON
*Electronic Service:* dfessler@rmwbhlaw.com
*Certified Mail/RRR:*
*USPS Regular Mail*